```
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK
_____

COLIN JOSEPH URQUHART

                Plaintiff,           6:16-cv-06810-MAT
         -v-                         DECISION AND ORDER

NANCY A. BERRYHILL,
Acting Commissioner of Social Security,

                Defendant.
_____
```

## INTRODUCTION

Colin Joseph Urquhart ("Plaintiff"), represented by counsel, brings this action under Title of the Social Security Act ("the Act"), seeking review of the final decision of the Acting Commissioner of Social Security ("the Commissioner" or "Defendant"), denying his application for supplemental security income ("SSI"). The Court has jurisdiction over the matter pursuant to 42 U.S.C. § 1383(c). Presently before the Court are the parties' competing motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. For the reasons set forth below, Plaintiff's motion is granted to the extent that the matter is remanded to the Commissioner for further administrative proceedings consistent with this Decision and Order. The Commissioner's motion is denied.

## PROCEDURAL BACKGROUND

On July 18, 2013, Plaintiff protectively filed for SSI, alleging disability beginning June 25, 2009. Administrative Transcript ("T.") 48. The claim was initially denied on September

20, 2013, and Plaintiff timely requested a hearing. T. 55-61. On March 26, 2015, a video hearing was conducted on June 29, 2016, in Falls Church, Virginia by administrative law judge ("ALJ")Julia D. Gibbs. T. 24-47. Plaintiff appeared *pro se* via video conference, after waiving his right to representation. T. 26-27. Plaintiff's mother and a vocational expert ("VE") also testified. T. 37-44. The ALJ issued an unfavorable decision on April 10, 2015. T. 11-20. Plaintiff appealed the decision to the Appeals Council ("AC"), which denied Plaintiff's request for review on November 3, 2016, making the ALJ's determination the final decision of the Commissioner. T. 1-5. This action followed.

## THE ALJ'S DECISION

The ALJ applied the five-step sequential evaluation promulgated by the Commissioner for adjudicating disability claims. *See* 20 C.F.R. § 416.920(a).

At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity since July 18, 2013, the application date. T. 16.

At step two, the ALJ determined that Plaintiff had the severe impairment of anxiety related disorder. *Id*.

At step three, the ALJ found that Plaintiff's impairments did not singularly or in combination meet or medically equal the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Id*.

Before proceeding to step four, the ALJ found that Plaintiff retained the residual functional capacity ("RFC") to perform a full range of work at all exertional levels as defined in 20 C.F.R. § 416.967, with the additional nonexertional limitations: no interaction with the general public; superficial interaction with co-workers; and simple unskilled work. T. 17.

At step four, the ALJ found that Plaintiff had no past relevant work. T. 19. At step five, the ALJ relied on the VE's testimony to find that there are jobs existing in the national economy Plaintiff is able to perform, including the representative occupations of floor waxer, tagger, and electrode cleaner. T. 20. The ALJ accordingly found that Plaintiff was not disabled as defined in the Act. *Id*.

**SCOPE OF REVIEW**

A district court may set aside the Commissioner's determination that a claimant is not disabled only if the factual findings are not supported by "substantial evidence" or if the decision is based on legal error. 42 U.S.C. § 405(g); *see also Green-Younger v. Barnhart*, 335 F.3d 99, 105-06 (2d Cir. 2003). The district court must accept the Commissioner's findings of fact, provided that such findings are supported by "substantial evidence" in the record. *See* 42 U.S.C. § 405(g) (the Commissioner's findings "as to any fact, if supported by substantial evidence, shall be conclusive"). "Substantial evidence means 'such relevant evidence

3

as a reasonable mind might accept as adequate to support a conclusion.'" *Shaw v. Chater*, 221 F.3d 126, 131 (2d Cir. 2000) (quotation omitted). The reviewing court nevertheless must scrutinize the whole record and examine evidence that supports or detracts from both sides. *Tejada v. Apfel*, 167 F.3d 770, 774 (2d Cir. 1998) (citation omitted). "The deferential standard of review for substantial evidence does not apply to the Commissioner's conclusions of law." *Byam v. Barnhart*, 336 F.3d 172, 179 (2d Cir. 2003) (citing *Townley v. Heckler*, 748 F.2d 109, 112 (2d Cir. 1984)).

## DISCUSSION

Plaintiff contends that the ALJ failed to adhere to her heightened duty to develop the record, resulting in a finding not supported by substantial evidence. Plaintiff further argues that the ALJ's error of failing to develop the record was compounded by her rejection of the medical opinions of Mental Health Counselor ("MHC") John D. Finn and Registered Nurse ("RN") Ann Bergeman for lack of supporting records. For the reasons discussed below, the Court finds remand of this matter is warranted for further administrative proceedings, including the proper development of the record.

### I. The ALJ Had an Affirmative Duty to Develop the Record in Light of Plaintiff's *Pro Se* Status

Generally, the claimant has the burden of producing evidence to establish disability; however, because a hearing on disability

4

benefits is a non-adversarial proceeding, the ALJ has an affirmative duty to develop the administrative record. *Perez v. Charter*, 77 F.3d 41, 47 (2d Cir. 1996) (citing *Echevarria v. Secretary of Health & Human Servs.*, 685 F.2d 751, 755 (2d Cir. 1982)). This duty is heightened when, as here, the claimant is not represented by counsel at the administrative hearing. *Moran v. Astrue*, 569 F.3d 108, 113 (2d Cir. 2009) ("The ALJ must 'adequately protect a *pro se* claimant's rights by ensuring that all of the relevant facts are sufficiently developed and considered' and by 'scrupulously and conscientiously prob[ing] into, inquir[ing] of, and explor[ing] for all the relevant facts.'" (internal quotation marks omitted). "Where there are no obvious gaps in the administrative record, and where the ALJ already possesses a complete medical history, the ALJ is under no obligation to seek additional information in advance of rejecting a benefits claim." *Perez v. Astrue*, 412 F. App'x 401, 406 (2d Cir. 2011) (internal quotation marks omitted); *see also Morris v. Colvin*, No. 14-CV-689S, 2016 WL 3085427 at *4 (W.D.N.Y. June 2, 2016) (finding no error in the ALJ's determination to not further develop the record where the ALJ had before him an adequate medical history to render a decision).

Here, the ALJ failed to fulfill her heightened duty to develop the record after acknowledging there were serious gaps in the

record that prevented her from making an informed and substantially supported decision.

Both at the hearing and in her decision, the ALJ repeatedly noted there was little medical evidence for her to base her decision on. Specifically, the ALJ noted in her decision that "there was little evidence submitted with the claim (less than 200 pages)." T. 18. She further noted "[t]he record is devoid of notes of any clinical visits or examinations [between October 2011 and September 2013] when claimant underwent consultative examinations in connection with this application. . . ."). *Id*. The ALJ assigned "little weight" to MHC Finn's April 2015 opinion that Plaintiff had several moderate and marked nonexertional limitations, noting that there were no records of intervening treatment for increased symptoms. T. 19.

At the hearing, the ALJ told Plaintiff "[W]e have . . . almost no medical evidence on you. So that before I can make a decision, we're going to have to get more material." T. 31. She further instructed Plaintiff "before I can make any decision on this, you're going to have to get information from the doctors that you are currently seeing." T. 34.

The ALJ advised Plaintiff's mother, who attended the hearing, that "[f]irst of all, we have no medical evidence to speak of. There is very little medical evidence for the period of time that we're looking at." T. 35-36. The ALJ then directed Plaintiff's

6

mother to obtain treatment records from Plaintiff's Unity Mental Health treatment program from at least March 2014 on and forward them to the ALJ's attention. T. 40. The Court finds the ALJ's instructions to Plaintiff and Plaintiff's mother do not satisfy her heightened duty "to make 'every reasonable effort to help [the claimant] get medical reports from [his or her] own medical sources.'" *Morris*, 2016 WL 3085427 at *4 (*citing Perez v. Chater,* 77 F.3d 41, 47 (2d Cir. 1996) (*quoting* 20 C.F.R. § 404.1512(d)).

The regulations in place at the time the ALJ rendered her decision define "every reasonable effort" as the requirement to make "an initial request for medical evidence from the medical source, and a follow-up request, followed by a ten-day extension, if the requested evidence has not been received within ten to twenty calendar days." 20 C.F.R. § 404.1512(d)(1). Where, as here, the claimant is *pro se*, "reasonable efforts" entail more than merely requesting reports from treating physicians. "It includes issuing and enforcing subpoenas requiring the production of evidence, as authorized by 42 U.S.C. § 405(d), and advising the plaintiff of the importance of the evidence." *Jones v. Apfel*, 66 F. Supp. 2d 518, 523 (S.D.N.Y. 1999) (internal citation omitted). Notably, the ALJ must also enter their attempts to obtain the medical records into the record. *Id.*

Here, there are medical records requests in the record directed to Unity Behavioral Health (Pinewild) and Rochester

7

General Pediatrics. The records from Unity only go through 2011, and there were no records from Rochester General Pediatrics. There is a notation that records were requested from Peter Stornelli, M.D., Plaintiff's primary care provider, but there is no copy of any records request to Dr. Stornelli in the record. Based on the testimony of Plaintiff and his mother, there should be records from Unity that post-date 2011, since he continued to receive therapy from Licensed Mental Health Counselor Rebecca Boone, who is part of the practice at Unity Behavioral Health (Pinewild). Also, there should be records from Dr. Stornelli, who continued to be Plaintiff's primary care provider. *See* T. 39. Instead, the ALJ relied solely on Plaintiff, who was *pro se*, to obtain any additional medical records. T. 42. This was error. *See Jones*, 66 F. Supp. 2d at 523 (remanding where ALJ asked plaintiff to obtain additional medical records from treating physician but failed to assist plaintiff in obtaining those records); *see also Morris*, 2016 WL 3085427 at *4 (an ALJ's duty to develop the record "includes assembling the claimant's complete medical history and recontacting the claimant's treating physician if the information received from the treating physician or other medical source is inadequate to determine whether the claimant is disabled.") (internal quotation marks omitted). In addition, based on the treatment plan authored by MHC Finn in 2014, there should be additional records from the PROS Program at Unity Health System, which potentially include

8

treatment notes from RN Bergeman, records of group therapy sessions attended by Plaintiff, work counseling sessions conducted by Karen May.

Merely telling Plaintiff and Plaintiff's mother at the hearing that more records were needed and where to send those records does not constitute the ALJ making "every reasonable effort to help" Plaintiff obtain those records. Accordingly, the Court finds remand of this matter for further development of the record is warranted.

To the extent the Commissioner argues Plaintiff's counsel should have requested and provided additional medical records during the appeals process, the Court finds this argument lacks merit. An ALJ cannot avoid his or her affirmative duty to develop the record of a *pro se* claimant simply by waiting for counsel to step in and obtain records at the appeals level. Indeed, this Court, as well as others in this Circuit, have found that an ALJ's obligation to develop the record cannot be relieved even when plaintiff's counsel fails to note additional records are needed at the hearing level. *See Caldwell o/b/o J.W. v. Berryhill*, No. 1:15-cv-00613-MAT, 2018 WL 1081009, at *3 (W.D.N.Y. Feb. 28, 2018) ("Where, as here, it is apparent from the face of the record that the record lacks necessary information, the ALJ cannot be relieved of his affirmative obligation to develop the record by a statement of counsel. Instead, the failure to request these records is enough to constitute remand.") (internal quotation marks omitted).

Moreover, even asking Plaintiff's counsel about additional records at the hearing level cannot relieve an ALJ of their duty, where it is apparent there are missing records. *Id*. ("[W]here it was clear there were significant . . . records missing, the ALJ's duty to develop the record was not satisfied merely by asking Plaintiff's counsel about additional records.").

The decisions cited by the Commissioner in support her argument are easily distinguishable from the facts here. In *Bistoff v. Colvin*, No. 1:14-cv-00984(MAT), 2017 WL 2772282, at *2-3 (W.D.N.Y. June 27, 2017), which is a highly fact bound decision, plaintiff was represented by counsel at the hearing level. Moreover, the Court found that plaintiff's counsel had the obligation to ensure the information provided to the ALJ at the hearing level was accurate and complete, knowing plaintiff's particular anxiety trait may have caused an inaccurate consultative examination. *Id*. The decision does not in any sense discharge the ALJ of his duty to develop the record, but rather highlights counsel's responsibility to share known information with the ALJ to best assist their client at the hearing level.

In *Gonzalez v. Comm'r of Soc. Sec.*, No. 16-CV-4612(BMC), 2017 WL 1051119, at *4 (E.D.N.Y. Mar. 19, 2017), where again, plaintiff was represented by counsel at the hearing level, the Court found that the gap in the record that plaintiff first alleged at the review level was one that would not have been apparent to the ALJ

10

at the hearing level. Accordingly, the Court found that, with no obvious gaps in the record prior to issuing his decision, the ALJ met his burden of developing the record. *Id*. This is in stark contrast to this case, where the ALJ readily acknowledged throughout the hearing, with no counsel present, that there were indeed obvious gaps in the record. Accordingly, the Court finds the Commissioner's attempt to shift the ALJ's burden to develop the record to Plaintiff's counsel in light of these two decisions is unavailing.

**II.  Assessment of MHC Finn and RN Bergeman's Opinions**

Plaintiff argues that the ALJ compounded her failure to develop the record by rejecting the medical opinions of MHC Finn and RN Bergeman for lack of supporting records. The Court agrees. As discussed at length above, the ALJ had an affirmative obligation to assist Plaintiff in obtaining treatment records. Having failed to satisfy the obligation, it was further error for the ALJ to discount the opinions of Plaintiff's treatment providers based on a lack of supporting evidence. On remand, the ALJ should consider all of the medical opinions of record in light of the properly developed record.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for judgment on the pleadings (Doc. 10) is granted to the extent that this matter is remanded to the Commissioner for further administrative

11

proceedings consistent with this Decision and Order. In particular, the Commissioner is directed to re-contact the following providers: (1) the PROS Program at Unity Health System to ensure that it has all of the records available, including any records authored by RN Bergeman, Karen May, and MHC Finn; (2) primary care physician Peter Stornelli, M.D., who prescribed Plaintiff's pyschotropic medications; and (3) Unity Behavioral Health (Pinewild office), where therapist Rebecca Boone, LMHC, practices. Upon completing the record, the ALJ is directed to re-evaluate the RFC assessments provided by RN Bergeman and MHC Finn. The Commissioner's opposing motion for judgment on the pleadings (Doc. 13) is denied. The Clerk of the Court is directed to close this case.

**ALL OF THE ABOVE IS SO ORDERED.**

S/Michael A. Telesca
_____
HONORABLE MICHAEL A. TELESCA
United States District Judge

Dated:   December 19, 2018
         Rochester, New York